**IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
VALDOSTA DIVISION**

| | |
|---|---|
| **JUDY C. WATSON, *et al.*,** | |
| Plaintiffs, | Case No. 7:22-CV-41 (HL) |
| v. | |
| **GREAT NORTHERN INSURANCE COMPANY, *et al.*,** | |
| Defendants. | |

**ORDER**

Before the Court are Plaintiffs' Motion to Remand (Doc. 8), Defendants' Motion to Dismiss for Lack of Jurisdiction (Doc. 5), and Plaintiffs' Motion for Leave to File an Amended Complaint (Doc. 19).  For the following reasons, Plaintiffs' Motion to Remand (Doc. 8) is **GRANTED**.  Because the case will be remanded to state court, the Defendants' Motion to Dismiss (Doc. 5) and Plaintiffs' Motion to Amend (Doc. 19) remain pending for determination by the Superior Court of Lowndes County**.**

**I. BACKGROUND**

This case was first filed in the Superior Court of Lowndes County on March 2, 2022.  (Doc. 1.)  Plaintiffs Judy C. Watson and James Darwin Carter filed a complaint alleging that they sustained high wind damage to their home workshop and other property on March 4, 2020.  (Doc. 1 ¶ 5-6.)  At the time of the damage,

their dwelling, other property structures, and personal property were insured by Defendant Great Northern Insurance Company ("Great Northern").  (*Id.* at ¶ 7.) After Plaintiffs reported their loss to Great Northern, the company arranged to send Alan Taylor, an insurance adjuster, to Plaintiffs' property to evaluate and adjust their insurance claim.  (*Id.* at ¶ 8.)  Plaintiffs allege that both Great Northern and Taylor failed to evaluate and adjust their claims in a timely and proper manner, in breach of the insurance contract.  (*Id.* at ¶ 11.)  Defendants filed a Notice of Removal in this Court pursuant to 28 U.S.C. § 1441 on April 29, 2022, seeking removal on the basis that Defendant Taylor was fraudulently joined.  Defendants subsequently filed a Motion to Dismiss for Lack of Jurisdiction on May 6, 2022. (Doc. 5.)  On May 27, 2022, Plaintiffs filed a Motion to Remand.  Plaintiffs filed a Motion for Leave to File an Amended Complaint on August 2, 2022.

## II. DISCUSSION

The Court must first address the Motion to Remand (Doc. 10), as it determines whether the Court has subject-matter jurisdiction over this case and, therefore, the remaining active motions.  Defendants contend that this action's removal to this Court was proper because Defendant Taylor, a Georgia resident whose inclusion in the case destroys diversity, was fraudulently joined.   In response, Plaintiffs argue that that they have pleaded claims against Taylor that are sufficient to warrant remand to state court.[1]

---

[1] The parties also disagree about whether the statutorily required amount in controversy has been met.  Although Plaintiffs argue that their complaint does not state that the amount in

A case may properly be removed from state court to federal court when federal courts have jurisdiction on the basis of diversity.  28 U.S.C. § 1441(a).  A removed case must be remanded back to state court if any of the properly joined defendants are residents of the state in which the suit was filed—that is, if the parties lack complete diversity.  "Because removal jurisdiction raises significant federalism concerns, federal courts are directed to construe removal statutes strictly.  Indeed, all doubts about jurisdiction should be resolved in favor of remand to state court."  *Univ. of S. Alabama v. Am. Tobacco Co.*, 168 F.3d 405, 411 (11th Cir. 1999).

However, remand is not appropriate if is based upon the fraudulent joinder of a non-diverse defendant.  Fraudulent joinder can be shown where "'(1) there is no possibility the plaintiff can establish a cause of action against the resident defendant; or (2) the plaintiff has fraudulently pled jurisdictional facts to bring the resident defendant into state court.'"  *Henderson v. Washington Nat. Ins. Co.*, 454 F.3d 1278, 1281 (11th Cir. 2006) (*quoting Crowe v. Coleman,* 113 F.3d 1536, 1538 (11th Cir.1997)).  The defendant must prove the fraudulent joinder by clear and

---

controversy exceeds $75,000, Defendants correctly argue that the Court may look to relevant evidence outside of the complaint to determine whether the amount in controversy requirement has been reached when the amount is not facially apparent in the complaint.  (Doc. 16 at 9 (*citing Williams v. Best Buy Co.*, 269 F.3d 1316, 1319 (11th Cir. 2001).)  Plaintiffs' initial demands for damages before the beginning of this suit and the correspondence between the parties attached to Defendants' response to the Motion for Remand both suggest that the amount in controversy in this case exceeds $75,000.  (Docs. 1-3; 16-1); *see Lowery v. Alabama Power Co.*, 483 F.3d 1184, 1212 n.62 (11th Cir. 2007).  However, as discussed above, remand is appropriate because Defendant Taylor is a non-diverse party and Plaintiffs have shown a possibility of stating a viable claim against him.  Accordingly, the issue of the amount in controversy need not be determined here.

convincing evidence.  *Id.*  If the joinder is shown to be fraudulent, "the district court must ignore the presence of the non-diverse defendant and deny any motion to remand the matter back to state court."  *Id.*

Here, Defendants contend there is no possibility Plaintiffs can establish a cause of action against Defendant Taylor, and therefore, his joinder was fraudulent.  (Doc. 16 at 5-6.)  Plaintiffs' complaint states claims of breach of contract and bad faith against both Defendants.  (Doc. 1.)  According to Defendants, neither claim can be sustained against Defendant Taylor because he had no contractual obligation to the Plaintiffs, because Plaintiffs sent their O.C.G.A. § 33-4-6 demand letter only to Defendant Great Northern Insurance and not Defendant Taylor, and because O.C.G.A. § 33-4-6 only creates a cause of action against insurers, not their agents.  (Doc. 16 at 7.)

Defendants are correct that there are serious flaws in Plaintiffs' current claims against Defendant Taylor.  However, "federal courts are not to weigh the merits of a plaintiff's claim beyond determining whether it is an arguable one under state law."  *Crowe*, 113 F.3d at 1538.  Instead, "[i]f there is even a possibility that a state court could find that the complaint states a cause of action against [a resident defendant], the federal court must find that joinder was proper and remand the case to state court."  *Id.*; *see also Triggs v. John Crump Toyota, Inc.,* 154. F.3d 1284, 1287 (11th Cir. 1998) ("The plaintiff need not have a winning case against the allegedly fraudulent defendant; he need only have a *possibility* of stating a valid cause of action in order for the joinder to be legitimate.");  *Henderson*, 454 F.3d at

1284 ("the decision as to the sufficiency of the pleadings is for the state courts, and for a federal court to interpose its judgment would fall short of the scrupulous respect for the institutional equilibrium between the federal and state judiciaries that our federal system demands").

As explained in Plaintiff's Motion to Remand, "Plaintiffs base their claim against Defendant Taylor on the significant role of communication with Defendant Taylor, the failure to reach any determination in coverage, as well as the potential failure of policy and procedures.  Plaintiffs contend that Defendant Taylor owed a duty to adjust and process the personal property claims and [fairly deal] with Plaintiffs."  (Doc. 10 at 9.)  Plaintiffs also argue that insurance agents can be individually liable for their own actions involving misfeasance.  *Reed v. Arrington-Blount Ford, Inc.*, 148 Ga. App. 595, 597, 252 S.E.2d 13, 15 (1979) ("It is true that an agent is not ordinarily liable to third persons for mere nonfeasance.  An agent is, however, liable to third persons for misfeasance or malfeasance." (internal citations omitted)).  Further, Plaintiffs contend that they should be afforded the opportunity to pursue discovery with respect to Defendant Taylor's role in the events relevant to this lawsuit and argue that "it is conceivable that Plaintiffs will be able to state an actionable claim against [Defendant Taylor] under a theory of misfeasance."  (Doc. 18 at 3.)

Plaintiffs have made allegations against Defendant Taylor which have a possibility of stating a valid cause of action against him.  Therefore, remand to state court is appropriate.  *See Henderson*, 454 F.3d at 1284.  It may be that the

complaint is ultimately insufficient to sustain a claim against Defendant Taylor or that amendment is required to supplement Plaintiffs' claims, but these are issues that should be determined in state court proceedings.

## IV. CONCLUSION

Accordingly, Plaintiffs' Motion to Remand (Doc. 8) is **GRANTED.** Defendants' Motion to Dismiss (Doc. 5) and Plaintiffs' Motion for Leave to Amend (Doc. 19) remain pending for determination by the Superior Court of Lowndes County**.**

**SO ORDERED** this 30th day of March, 2023.

_**s/Hugh Lawson**_
**HUGH LAWSON, SENIOR JUDGE**

aem